UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GREGORY HILL,

        Petitioner,

                       **Hon. Hugh B. Scott**

        v.                 10CV558A

                        **Report**
                        **&**
DALE A. ARTUS                 **Recommendation**
        Respondent.

Petitioner has filed an application to this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging his state court conviction for violation of parole (Docket No. 1, Pet.).[1] The petitioner asserts the following grounds in support of his petition: violation of the <u>ex post facto</u> law restriction in the United States Constitution, U.S. Const. Art. I, § 10, cl. 1[2], in applying a new regulation 9 N.Y.C.R.R. § 8005.20(c), retroactively in imposing sentence; petitioner's plea of guilty was not made voluntarily with the understanding of consequences of plea since the parole board changed the time assessment for sentence; the parole board acted arbitrarily and capriciously; and the parole board exceeded its discretion in imposing incarceration instead of treatment. This matter was referred to the undersigned on November 5, 2010, to render this Report & Recommendation (Docket No. 12).

---

[1] In support of the Petition, petitioner also submits his Traverse Brief, Docket No. 14. In opposition, respondent submits his attorney's declaration in opposition (with exhibits, the state court record), Docket No. 8, his memorandum in opposition, Docket No. 9.

[2] "No State shall . . . pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility."

**BACKGROUND**

Petitioner alleges that he is being held in state custody in violation of his federal constitutional rights following his conviction for violation of the terms of parole.

Petitioner originally was convicted of murder in the second degree, see N.Y. Penal L. § 125.00 (McKinney 1975) in 1975, and was sentenced to a fifteen-year to life term (Docket No. 8, Resp't Atty. Decl., Ex. C, Record on Appeal to 4th Dep't, at 44; Docket No. 9, Resp't Memo. at 2). Between 1987 and 2007, petitioner was released to parole supervision multiple times and then had his parole revoked several times (for petitioner's drug use). This Petition concerns the sixth, and latest, revocation of his parole (Docket No. 8, Resp't Atty. Decl., Ex. C at 73-75; Docket No. 9, Resp't Memo. at 2). He was paroled on February 6, 2007, and was arrested on July 17, 2007, and charged with six violations of his parole conditions, including failure to report to his parole officer, use of controlled substances without authorization, and failure to attend mandated substance abuse counseling. Petitioner waived a preliminary hearing and a final revocation hearing was held on October 1, 2007, before an Administrative Law Judge. (Docket No. 9, Resp't Memo. at 2-3; Docket No. 8, Resp't Atty. Decl., Ex. C, at 43, 50.) After noting that petitioner was advised of his rights in the administrative proceeding, the parties stated that a plea agreement had been reached; petitioner agreed to plead to the second charge of use of cocaine without proper medical authorization, the Division of Parole agreed to withdraw the remaining charges, and the Administrative Law Judge agreed to join in a sentence recommendation of twelve months (Docket No. 9, Resp't Memo. at 3-4). Following petitioner's formal admission of the remaining charge, the Administrative Law Judge stated that this was "a Board case," meaning that the final disposition was up to the state Board of Parole (id. at 4). The

Administrative Law Judge rejected petitioner's suggestion that he receive residential drug treatment because this was his sixth parole violation, all involving drug use, and petitioner had previously failed to attend drug programs (id. at 4-5; Docket No. 8, Resp't Atty. Decl. Ex. C at 57). The Administrative Law Judge issued a Decision Notice recommending revocation of parole and a twelve-month hold to the Parole Board, but again noted that the final determination was up to the Board (Docket No. 9, Resp't Memo. at 5; Docket No. 8, Resp't Atty. Decl. Ex. C at 57, 62).

The Parole Board modified the Administrative Law Judge's recommendation and increased petitioner's penalty to thirty-six months (Docket No. 9, Resp't Memo. at 5; Docket No. 8, Resp't Atty. Decl. Ex. C at 26, 59), increasing the sentence from the period recommended because this was petitioner's sixth violation (id.). Petitioner administratively appealed the Parole Board's decision but no action was taken on that appeal; respondent concedes that petitioner otherwise has exhausted his administrative remedies (Docket No. 9, Resp't Memo. at 5). Petitioner next filed a state habeas corpus petition, which was dismissed and converted into an Article 78 petition[3] (id. at 6). The New York Supreme Court, Erie County, next dismissed the converted Article 78 petition (id. at 7; Docket No. 8, Resp't Atty. Decl. Ex. C at 7), holding that the upward modification of petitioner's sentence was in accordance with state law and not reviewable by the state court (id.). Petitioner appealed this decision to the Supreme Court, Appellate Division, Fourth Department (Docket No. 8, Resp't Atty. Decl., Ex. A), which

---

[3]The Appellate Division, Fourth Department, held that the Supreme Court erred in converting his habeas petition into an Article 78 petition, People ex rel. Hill v. Kaiden, 68 A.D.3d 1739, 1740, 839 N.Y.S.2d 402, 403 (4th Dep't 2009), leave denied, 14 N.Y.3d 708, 900 N.Y.S.2d 731 (2010).

affirmed in part (id., Ex. E), People ex rel. Hill v. Kaiden, 68 A.D.3d 1739, 839 N.Y.S.2d 402 (4th Dep't 2009). Petitioner sought leave from the New York Court of Appeals, which was denied on April 29, 2010, People ex rel. Hill v. Kaiden, 14 N.Y.3d 708, 900 N.Y.S.2d 731 (2010).

Petitioner then filed the instant federal habeas Petition (Docket No. 1). After seeking extensions to file an Answer or dispositive motion (Docket Nos. 5, 7, see Docket Nos. 4, 6) and petitioner's objection to the last extension (Docket No. 11), which this Court denied (Docket No. 12), respondent filed his attorney's declaration (with exhibits from the state court record) (Docket No. 8) and opposing memorandum of law (Docket No. 9). Respondent's counsel's declaration (Docket No. 8) was deemed to be respondent's Answer (Docket No. 13), with petitioner's response due by December 10, 2010, and the matter deemed submitted as of that date (id.).

Petitioner argues that his due process rights were violated in the administrative parole proceeding and that there was no determination there that his guilty plea was completely knowing. In particular, he contends that the administrative law judge did not determine whether petitioner understood the consequence of his plea and the potential sentencing range he faced if he entered it. (Docket No. 14, Pet'r Traverse at 4-5.) Petitioner believes that he entered a plea bargain that was not followed through in his sentence (id. at 4-6). Under the regulations for a "category 1" parole violator, 9 N.Y.C.R.R. § 8005.20(c)(1), petitioner contends that his sentence should have been the lesser of a minimum of 15 months or the maximum expiration of the sentence (id. at 8). He further faults the Board of Parole for summarily rejecting the

administrative law judge's recommended sentence without making findings for the sentence imposed (id. at 9).

## DISCUSSION

The chief issue is whether petitioner raises a cognizable issue for habeas review in federal court. Respondent contends that petitioner's claims are not cognizable in this Court (Docket No. 9, Resp't Memo. at 16-23). Respondent argues that petitioner received the process due in the parole revocation proceeding (id. at 17-18), while petitioner denied he received the process due (Docket No. 14, Pet'r Traverse).

I.   Standard of Review

State court findings of "historical" facts, and inferences drawn from those facts, are entitled to a presumption of correctness. Matusiak v. Kelly, 786 F.2d 536, 543 (2d Cir.), cert. denied, 479 U.S. 805 (1986). (See also 28 U.S.C. § 2254(e)(1), which states that "a determination of a factual issue made by a State court shall be presumed to be correct.")

As amended by the Antiterrorism and Effective Death Penalty Act of 1996[4] ("AEDPA"), 28 U.S.C. § 2254(d) provides that a habeas corpus petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of that claim:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[4]Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214.

>  (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The habeas corpus petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. The presumption of correctness attaches to findings both by state trial courts and by state appellate courts. Smith v. Sullivan, 1 F. Supp. 2d 206, 210-11 (W.D.N.Y. 1998) (Larimer, Ch.J.); Nevius v. Sumner, 852 F.2d 463, 469 (9th Cir. 1988), cert. denied, 490 U.S. 1059 (1989). As noted by then-Chief Judge Larimer in Smith, "the new version of § 2254(d) has clearly raised the bar for habeas petitioners, placing on them the burden to show by clear and convincing evidence that the state court's decision was defective in some way." Smith, supra, 1 F. Supp. 2d at 211.

Prior to the enactment of the AEDPA, § 2254(d) provided that a state court "determination after a hearing on the merits of a factual issue ... shall be presumed to be correct," unless certain specified exceptions existed. When it enacted AEDPA, Congress changed the language dealing with the presumption of correctness of state court findings of fact and moved it to § 2254(e), and also added the current version of § 2254(d). The amended statute "requires federal courts 'to give greater deference to the determinations made by state courts than they were required to do under the previous law.'" Ford v. Ahitow, 104 F.3d 926, 936 (7th Cir.1997) (quoting Emerson v. Gramley, 91 F.3d 898, 900 (7th Cir. 1996), cert. denied, 520 U.S. 1122 (1997)); see also Houchin v. Zavaras, 107 F.3d 1465, 1470 (10th Cir.1997) ("AEDPA increases the deference to be paid by the federal courts to the state court's factual findings and legal conclusion").

II.   Failure to Preserve for Habeas Corpus Review

It should be noted that the petitioner has failed to preserve his arguments regarding the ex post facto effect of applying 9 N.Y.C.R.R. § 8005.20(c) retroactively to his sentence for habeas corpus review. Federal habeas review is barred when a state court expressly relied on a procedural default as an independent and adequate state ground. See Harris v. Reed, 489 U.S. 255 (1989); Wainwright v. Sykes, 433 U.S. 72 (1977). "A federal court is generally precluded from reviewing any claim included within the habeas petition for which a 'state court rests its judgment on an adequate and independent state ground, including a state procedural bar.'" Bacchi v. Senkowski, 884 F. Supp. 724, 730 (E.D.N.Y.1995) (quoting Reid v. Senkowski, 961 F.2d 374, 377 (2d Cir. 1992) (per curiam)). A state procedural bar arises through a failure to make a timely appeal, or through a failure to preserve a claim of appeal through contemporaneous objection. Reid, supra, 961 F.2d at 377. Failure to comply with a state's contemporaneous objection rule bars subsequent federal habeas corpus review unless petitioner is able to demonstrate both cause for the procedural default and actual prejudice attributable thereto. Wainwright, supra, 433 U.S. at 81-91 (1977); Washington v. LeFevre, 637 F. Supp. 1175, 1177 (E.D.N.Y.1986). "In order to demonstrate cause for his procedural fault, petitioner would have to show that 'some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule,'" Washington, supra, 637 F. Supp. at 1177 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). These principals have been applied even where a defendant represents himself at trial. Reed v. Farley, 512 U.S. 339 (1994); Wells v. LeFavre, 1996 WL 692003 (S.D.N.Y. 1996).

Here, the Appellate Division found that petitioner failed to preserve the ex post facto application of the state sentencing regulation for its appellate review, and then alternatively held that the contention was without merit, People ex rel. Hill, supra, 68 A.D.3d at 1740, 839 N.Y.S.2d at 403 (citing Matter of Boddie v. Alexander, 65 A.D.3d 1446, 871 N.Y.S.2d 779 (3d Dep't 2009); Matter of Suce v. Taylor, 37 A.D.3d 886, 828 N.Y.S.2d 728 (3d Dep't), leave denied, 9 N.Y.3d 803, 840 N.Y.S.2d 763 (2007)) (Docket No. 8, Resp't Atty. Decl. Ex. E), later proceeding, Suce v. Taylor, 572 F. Supp. 2d 325 (S.D.N.Y. 2008) (denying federal habeas relief), id. at 340-41 (rejecting ex post facto claim).

III. Merits

    A. Process Due in Parole Violation Proceeding

At issue here is the plea bargain reached on petitioner's parole violation. He agreed to plead guilty to one count, the Division of Parole agreed to dismiss the remaining charges. Both parties jointly recommended a sentence to the administrative law judge (see Docket No. 14, Pet'r Traverse, Ex. B, Tr. of Parole Violation Proceeding, Oct. 1, 2007, at 4-5), which the administrative law judge agreed to recommend (id. at 8). The problem, however, is that the administrative law judge only renders a recommendation for a sentence; the Parole Board ultimately imposes sentence. Petitioner was told by the administrative law judge that the judge was only making a recommendation as to sentence (id.).

Respondent contends that habeas claims of violations of due process based solely upon the application of state regulations is not cognizable on habeas review, see Bell v. Center, No. 09 Civ. 7218, 2010 WL 2000526, at *7 (S.D.N.Y. May 18, 2010) (Gorenstein, Mag. J.) (holding that violations of state law are not cognizable under federal habeas review), or, if

considered here, rejection of petitioner's claims was not contrary to or based upon an unreasonable application of Morrissey v. Brewer, 408 U.S. 471 (1972) (Docket No. 9, Resp't Memo. at 16). Morrissey held that, while a parolee is entitled to a hearing before revocation of parole, the hearing is a simple fact finding proceeding (to find whether a parole violation occurred and to have an informed exercise of discretion in imposing a sentence based on the parolee's behavior) without the full panoply of constitutional rights in (for example) a criminal prosecution, id. at 484, 477; see also id. at 488-89 (Court setting forth minimum requirements of due process for revocation hearings). The Court expressly stated that the minimum requirements for a revocation hearing is not to be the equivalent of a criminal prosecution, but is a narrower inquiry that should be flexible to consider evidence not otherwise appropriate for a criminal proceeding, id. at 489. The state has "an 'overwhelming' interest in being able to return parole violators to prison 'without the burden of a new adversary criminal trial,' the Due Process Clause, in this regard requires merely that an 'informal hearing' be held 'to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior.'" Suce, supra, 572 F. Supp. 2d at 334 (quoting Morrissey, supra, 408 U.S. at 483-48).

The minimum requirements for due process for a parole violation proceeding include written notice of the claimed violation; disclosure of the evidence against the parolee; opportunity to be heard in person and to present witnesses and documentary evidence; right to confront accusers and to cross-examine adverse witness (unless good cause is found by the hearing officer to not allow confrontation); a neutral and detached hearing body; and a written statement by the fact finders as to the evidence relied upon and the reasons for the revocation,

Morrissey, supra, 408 U.S. at 489. The Suce court noted that the Supreme Court, since Morrissey, has not added due process requirements to a parole revocation proceeding, 572 F. Supp. 2d at 334, and that the Second Circuit observed that the underlying state statute setting forth parole violation procedures, in New York Executive Law § 259-i, generally satisfies due process, id., citing Calhoun v. New York State Div. of Parole Officers, 999 F.2d 647, 652 (2d Cir. 1993).

The state here could create a system that vests ultimate sentencing for parole violators upon the Parole Board based upon recommendations made at proceedings before administrative judges where the Board is not bound by the recommendations, as was done here for parolees previously convicted of violating Penal Law article 125, see 9 N.Y.C.R.R. § 8005.20(c)(6). As respondent notes (Docket No. 9, Resp't Memo. at 19 n.3), if petitioner is correct, the disposition should be to vacate his guilty plea and allow him to replead or have a revocation hearing, rather than be granted a modification of his sentence by means of a federal habeas proceeding.

Similarly, since the parole revocation procedure does not require the full panoply of rights a criminal defendant would require, the petitioner may not need to have a knowing and voluntary waiver of his rights in entering that plea. Another habeas petitioner raised a similar objection in Scales v. New York State Div. of Parole, 396 F. Supp. 2d 423, 432 (S.D.N.Y. 2005). That court applied the criminal guilty plea standard for a voluntary and intelligent choice, see North Carolina v. Alford, 400 U.S. 25, 31 (1970), to a parole violation plea and found that the petitioner there was told by the hearing officer[5] that the sentence was a recommendation that was

---

[5] The same hearing officer, administrative law judge Meringolo, conducted the parole proceedings in both the Scales case and in petitioner's case.

10

not final, 396 F. Supp. 2d at 433. The court in Scales assumed that the criminal plea standard applied for parole violation pleas and held that petitioner's claim had no merit, id. at 432.

Thus, there was no due process violations and the habeas Petition on this ground should be **denied**.

> B. Ex Post Facto Law

Even if petitioner somehow preserved for federal habeas review the Ex Post Facto Clause issue, he should not prevail. As noted by respondent (Docket No. 9, Resp't Memo. at 22), the Ex Post Facto Clause "bars any 'enactments, which by retroactive operation increase the punishment for a crime after its commission.' Garner v. Jones, 529 U.S. 244, 249-50 (2000)."

The court in D'Joy v. New York State Div. of Parole, 127 F. Supp. 2d 433, 441 (S.D.N.Y. 2001), held that the regulation at issue in this proceeding was procedural and not subject to the ex post facto analysis and the regulation did not increase the petitioner's punishment (id. at 22-23). In Suce v. Taylor, supra, 572 F. Supp. 2d at 341, the court held that the regulation was not a "law" within the meaning of the Ex Post Facto Clause, see also D'Joy, supra, 127 F. Supp. 2d at 440, finding that petitioner's ex post facto claim to be without merit.

Therefore, on this claim, the Petition should be **denied**.

## CONCLUSION

Based on the above, it is recommended that the Petition (Docket No. 1) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy to the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective Dec. 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be

supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
January 13, 2011